UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACOB BERNARDS,<br><br>              Plaintiff,<br><br>   v.<br><br>TITUS J. BOHANAN, SR. and ALTA WOMACH,<br><br>              Defendants. | NO. 3:18-cv-06023-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 2, 2019 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 15. After reviewing the relevant record, the Court recommends the Motion to Dismiss be granted and this case be dismissed in its entirety.

## I. Background

Plaintiff Jacob Bernards, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 12, 2019. Dkt. 5. The Court gave Plaintiff leave to amend the deficiencies in his Complaint. Dkt. 6. Plaintiff filed an Amended Complaint on February 19, 2019, and a Second Amended Complaint on March 13, 2019. Dkts. 7, 9. Defendants filed their Motion to Dismiss on May 10, 2019. Dkt. 15. Plaintiff was served with the Motion to Dismiss but did not file a response. Dkts. 16, 17.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to

1  construe a complaint liberally, such construction "may not supply essential elements of the claim
2  that were not initially pled." *Pena*, 976 F.2d at 471.

3  **III.    Discussion**

4  In the Second Amended Complaint, Plaintiff, a convicted inmate at Larch Corrections
5  Center at all times relevant to this Complaint, alleges that the named Defendants violated his
6  constitutional rights. Dkt. 9. Plaintiff alleges Defendant Womach violated his First and Fourth
7  Amendment rights by opening and destroying his sealed outgoing mail. Dkt. 9, pp. 3-4. Plaintiff
8  further alleges that Defendant Bohanan violated his First Amendment rights and his right to
9  privacy under the Fourth and Fourteenth Amendments when he punished Plaintiff for using
10 threatening language in a letter sent to his grandmother. Dkt. 9, pp. 3-5. Specifically, Plaintiff
11 alleges that Defendant Bohanan violated his First Amendment rights when he found Plaintiff
12 guilty of a serious violation pursuant to Washington Administrative Code 137-25-030 (506)
13 ("Threatening another with bodily harm or with any offense against any person or property") for
14 the language in the letter, which resulted in Plaintiff losing fifteen days of good conduct time,
15 being placed in administrative segregation, and being transferred to a medium custody prison
16 facility. Dkt. 9, p. 3. Plaintiff alleges that Chapter 4.92 RCW is unconstitutional.[1] Dkt. 9, pp. 3,7.

---

[1] Plaintiff's challenge stems from correspondence he received from the Washington State Department of Enterprise Services after he filed his claim. In their letter, Department of Enterprise Services stated that Plaintiff's tort claim against the State of Washington did not support a finding upon which to base payment under Chapter 4.92 RCW. Dkt. 9, p. 9. The letter cites language from a U.S. Supreme Court case in which the Court held that inmates retain those First Amendment rights "not inconsistent with [their] status as ... prisoner[s] or with the legitimate penological objectives of the corrections system." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984), citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Chapter 4.92 RCW deals with claims against the State of Washington for tortious conduct. Because the Department of Enterprise Services did not cite the relevant Supreme Court precedent in its letter to Plaintiff, Plaintiff appears to have assumed that this language was taken from the Washington state statute.

REPORT AND RECOMMENDATION - 3

*A. First Amendment Claim*

In their Motion to Dismiss, Defendants allege that Plaintiff failed to state a claim for violation of his First Amendment rights because recent Ninth Circuit precedent holds that censoring outgoing mail containing threats and disciplining inmates for such threats are constitutional. Dkt. 15, pp. 3-4. Plaintiff does not dispute that he made threatening statements in his outgoing mail, and instead argues that Defendant Bohanan has no right to punish him for language used in a private letter. Dkt. 9, pp. 4, 6.

Prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam); *see also Nordstrom v. Ryan*, 856 F.3d 1265, 1271 (9th Cir. 2017). Censorship of outgoing inmate mail is justified only if "the regulation or practice in question . . . further[s] an important or substantial governmental interest unrelated to the suppression of expression" and "the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974), *limited by Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989).

The Ninth Circuit recently considered whether the federal Bureau of Prisons ("BOP") violated an inmate's First Amendment rights by disciplining him for a violation of BOP Prohibited Acts Code 203, which prohibits inmates from "[t]hreatening another with bodily harm or any other offense", after he made a series of threatening statements in his outgoing prison correspondence. *Lane v. Salazar*, 911 F.3d 942, 945 (9th Cir. 2018); 28 C.F.R. § 541.3, Table 1.

The Ninth Circuit held that Code 203 met both prongs of the *Procunier* test, reasoning that censorship and discipline for threatening language in outgoing prisoner mail advanced the legitimate penological interest of security and order within the prison and the legitimate

1  governmental interest in inmate rehabilitation. *Id.* at 948. The Court held that the Code 203
2  restrictions on threatening language in outgoing prisoner mail were "generally necessary" to curb
3  threats in outgoing mail, and that the regulation constitutes a "close fit" with its legitimate
4  governmental interests. *Id.* The Court further held that BOP Code 203 applied equally to true and
5  non-true threats, since threats of bodily harm "contribute to an atmosphere of hostility and
6  disrespect" and while curbing such threats might limit an inmate's expressive outlets, such
7  threats "run counter to penological purposes and are legitimately curtailed." *Id.* at 949.

8        The Washington Administrative Code provision at issue (WAC 137-25-030 (506))
9  provides that an inmate can be found guilty of a serious violation for "[t]hreatening another with
10 bodily harm or with any offense against any person or property." Dkt. 9, p. 3, Dkt. 15, p. 2. This
11 provision is materially identical to BOP Code 203, which prohibits inmates from "[t]hreatening
12 another with bodily harm or any other offense." 28 C.F.R. § 541.3, Table 1. Since the language
13 of the WAC provision parallels the language in BOP Code 203 which the Ninth Circuit found
14 constitutional in *Lane*, the application of Washington Administrative Code 137-25-030 (506)
15 against Plaintiff for including threatening language in his outgoing prison mail does not
16 constitute a violation of his First Amendment rights. As such, the Court recommends Plaintiff's
17 First Amendment claim be dismissed.

18       *B.  Other Constitutional Claims*

19       Defendants do not address Plaintiff's Fourth and Fourteenth Amendment claims in their
20 Motion to Dismiss. Dkt. 15. However, a complaint filed by a person proceeding *in forma*
21 *pauperis* is subject to sua sponte dismissal by the Court to the extent it contains claims which are
22 "frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary
23 relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*,
24

203 F.3d 1122, 1127 (9th Cir.2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

1. *Fourth Amendment Claim*

Plaintiff alleges Defendant Womach violated his Fourth Amendment rights by opening and destroying his sealed outgoing mail. Dkt. 9, pp. 3-4. The Fourth Amendment to the United States Constitution protects the right of the people to be secure in their persons, houses, papers, and effects. The Fourth Amendment protects against unreasonable searches and seizures and applies to the states by way of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

However, prisoners have "extremely limited" Fourth Amendment rights while incarcerated. *United States v. Vallez*, 653 F.2d 403, 406 (9th Cir.1981). "An inmate's fourth amendment rights are among the rights subject to curtailment. In particular, the fourth amendment does not protect an inmate from the seizure and destruction of his property." *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (citing *Hudson v. Palmer*, 468 U.S. 517, 524 (1984); *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "This does not mean a prisoner is without redress; it simply means a prisoner's form of redress is through the fifth and fourteenth amendments." *Taylor*, 871 F.2d at 806.

Here, Plaintiff's Fourth Amendment claim is that his protections against unreasonable searches and seizures were violated when Defendant Womach seized and destroyed his outgoing mail. Because Plaintiff's Fourth Amendment rights are not implicated in the seizure of his property, he has not stated a Fourth Amendment claim for the seizure of his outgoing mail. Accordingly, the Court recommends Plaintiff's Fourth Amendment claim be dismissed.

    *C. Fourteenth Amendment Claim*

    Plaintiff argues that the First and Fourth Amendments of the United States Constitution are applicable to the states via the doctrine of incorporation, and that Defendants, as state employees, violated his rights under the First and Fourth Amendments. Dkt. 9, pp. 5-7. Construing Plaintiff's claim liberally, he alleges that Defendant Bohanan violated his Fourteenth Amendment due process rights by punishing him for sending a threatening letter without due process of law.

    The Due Process clause of the Fourteenth Amendment provides that no person shall be deprived of life, liberty or property without due process of law. In analyzing a procedural due process claim, a court must first determine whether the claimant has been deprived of a liberty or property interest protected by the Constitution. If there has been a deprivation the court must determine whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454 (1989).

    At the core of the due process clause is the right to notice and a hearing "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). "Ordinarily, due process of law requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978); *Hodel v. Virginia Surface Mining & Recl. Ass'n*, 452 U.S. 264, 299 (1981); *Fuentes v. Shevin*, 407 U.S. 67, 81-82 (1972); *Boddie v. Connecticut*, 401 U.S. 371, 378-79 (1971); *Tom Growney Equipment, Inc. v. Shelley Irrigation Dev., Inc.*, 834 F.2d 833, 835 (9th Cir.1987).

    Plaintiff has filed this §1983 claim alleging that the prison disciplinary proceeding in question violated his Fourteenth Amendment due process rights by depriving him of good conduct time. A finding in Plaintiff's favor would necessarily implicate the validity of the

revocation of his good time credits. "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff was released from prison on April 18, 2019. Dkt. 14. *See Nonnette v. Small*, 316 F.3d 872, 876–77 (9th Cir. 2002) (finding that a prisoner who was released from incarceration and on parole could maintain a §1983 action for damages without first filing a habeas corpus petition, even though success in that action would imply the invalidity of the disciplinary proceedings that caused revocation of a prisoner's good-time credits, since petition for habeas relief would have been dismissed for lack of case or controversy). Accordingly, Plaintiff can pursue his §1983 without first filing a habeas corpus petition.

Federal law gives Plaintiff a liberty interest in his good time credits, which may only be revoked if he was afforded due process. *See Lane v. Salazar*, 911 F.3d 942, 951 (9th Cir. 2018) (internal citations omitted). The revocation of good time credits requires only a "modicum of evidence" to support the prison's decision. *Superintendent v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Accordingly, due process requirements are satisfied if there is "some evidence from which the conclusion of the administrative tribunal could be deduced." *Id.* at 455, 105 S.Ct. 2768. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56, 105 S.Ct. 2768.

Plaintiff does not dispute that he was given an opportunity to be heard. Dkt. 9, p. 4. Nor does Plaintiff dispute that he violated Washington Administrative Code 137-25-030 (506) by including a threatening statement in an outgoing letter. As such, Defendant Bohanan did not violate Plaintiff's due process rights by finding him guilty of a serious violation and depriving him of his good time credits. Plaintiff's placement in segregation as a disciplinary measure and his transfer to a medium security prison do not implicate a due process liberty interest. *See Sandin v. Connor*, 515 U.S. 472 (1995); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225–27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989). To the extent Plaintiff had a property interest in the letter itself, he was afforded due process before prison officials seized and destroyed it.

Accordingly, the Court recommends Plaintiff's Fourteenth Amendment due process claim be dismissed.

**IV.    Leave to Amend**

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). The Court finds Plaintiff has failed to allege facts sufficient to show Defendants violated Plaintiff's First, Fourth, or Fourteenth Amendment rights. Since the Court has already provided Plaintiff with an opportunity to amend his complaint and Plaintiff has failed to allege sufficient facts to support a claim, the Court recommends Plaintiff not be given a further opportunity to amend his complaint. Dkts. 6, 7, 8, 9. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San*

*Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## V.   CONCLUSION

For the foregoing reasons, the Court recommends Defendants' Motion to Dismiss be granted and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 2, 2019, as noted in the caption.

Dated this 12th day of July, 2019.

[signature]

David W. Christel
United States Magistrate Judge